**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**EDITH CAROLYN FRYAR, ET AL.**                                    **PLAINTIFFS**

**V.**                                                        **CAUSE NO.: 3:08CV63-SA-SAA**

**SAV-AMIL, LLC, ET AL.**                                                **DEFENDANTS**

**ORDER ON MOTIONS**

This Court issued Final Judgment in this case on December 10, 2009. Based on the testimony at the non-jury trial, as well as the legal arguments made by the parties in post-trial briefing, the Court found for the Defendants as to the Plaintiffs' claims, and for the Plaintiffs as to the Defendants' claims. Moreover, the Court instructed Plaintiffs to cancel the *lis pendens* filings within thirty days of the date of judgment.

Plaintiffs filed a Motion for Reconsideration contending that this Court did not adequately address their unilateral mistake argument. Plaintiffs further request a stay of the execution of the Final Judgment pending the relief requested. The Defendants filed a Motion for Sanctions on February 12, 2010, because Plaintiffs failed to cancel the *lis pendens* filings and did not formally request a stay of execution under the Federal Rules of Appellate Procedure.

After reviewing the motions, responses, rules and authorities, the Court denies both motions.

*Reconsideration Standard*

Federal Rule of Civil Procedure 59(e) grants the Court the power to alter or amend its judgment. Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence and is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Knight v. Kellogg Brown & Root Inc., 333 Fed. Appx. 1, 8 (5th Cir. 2009) (citing

Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004)) (punctuation omitted); see also Nationalist Movement v. Town of Jena, 321 Fed. Appx. 359, 364 (5th Cir. 2009) ("Motions for reconsideration should not be used to raise arguments that could have been made before the entry of judgment or to re-urge matters that have already been advanced by a party.") (citing Waltman v. Int'l Paper Co., 875 F.2d 468, 473-74 (5th Cir. 1989)).

The federal courts of this state recognize three potential grounds for the Court to alter or amend a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." Williamson Pounders Architects, P.C., 2008 U.S. Dist. LEXIS 87680 at *4 (N.D. Miss. Oct. 29, 2008); see also Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990). This Court has considerable discretion in deciding whether to grant a motion for reconsideration. Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993). Granting a motion for reconsideration, however, is "an extraordinary remedy and should be used sparingly." In re Pequeno, 240 Fed. Appx. 634, 636 (5th Cir. 2007) (citations omitted).

*Discussion and Analysis*

Plaintiffs contend this Court "did not sufficiently consider or address Mrs. Fryar's contention that she made a unilateral mistake in signing the December Agreement." Plaintiffs further re-argue the same points made in the post-trial briefing as to unilateral mistake.

After reviewing the Final Judgment, the Court is convinced that Plaintiffs' claim of unilateral mistake was sufficiently addressed. Specifically, the Court noted, "To the extent that Plaintiffs' claim is premised on their mistake that the December Agreement contained a right of first refusal, that claim is denied." Plaintiffs have failed to carry their burden that the Court's ruling should be

2

reconsidered.

*Motion for Sanctions*

The Court also denies the Defendants' Motion for Sanctions. Under Federal Rule of Civil Procedure 62(b), the Court has the discretion to stay execution of a judgment pending disposition of a motion to alter or amend judgment. Plaintiffs requested a stay of execution in the body of their Motion for Reconsideration. A stay of execution of the Final Judgment is appropriate given the nature of the Plaintiffs' contentions. Thus, the Court will not sanction Plaintiffs for failure to cancel the *lis pendens* within thirty days of the date of Final Judgment. However, Plaintiffs must cancel those filings within thirty days of this Order, or sanctions will be awarded.

SO ORDERED, this the 6th day of April, 2010.

/s/ **Sharion Aycock**
**U.S. DISTRICT JUDGE**