# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

EDITH CAROLYN FRYAR, ET AL.                                              PLAINTIFFS

V.                                                         CAUSE NO.: 3:08CV63-SA-SAA

SAV-AMIL, LLC, ET AL.                                                    DEFENDANTS

## ORDER

This Court issued Final Judgment in this case on December 10, 2009, which required Plaintiffs to cancel *lis pendens* filings placed on the Defendants' property within thirty days of the date of judgment. A Motion for Reconsideration was filed thereafter. The Court denied that motion on April 6, 2010, and also denied the Motion for Sanctions filed by the Defendants for Plaintiffs' failure to remove the *lis pendens* filings within the requisite time allowed by the Court. The Court instructed Plaintiffs to cancel the filings within thirty days of the date of the order, or sanctions would be awarded.

Plaintiffs filed a Notice of Appeal on May 5, 2010, as to the Final Judgment entered on December 10, 2009, as well as the Order denying Reconsideration on April 6, 2010.

Defendants now seek an Order compelling Plaintiffs to cancel the *lis pendens* filings. Plaintiffs assume that the Notice of Appeal sufficiently stays the execution of judgment issued by this Court. Despite the filing of the Notice of Appeal, this Court has jurisdiction to hear a motion to stay. See Duncan v. Farm Credit Bank of St. Louis, 940 F.2d 1099, 1103 (7th Cir. 1991); Fed. R. App. P. 8(a) ("A party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal . . . or an order suspending, modifying, restoring, or granting an injunction while an appeal is pending").

Federal Rule of Civil Procedure 62 governs the enforcement of judgments. Defendants

throughout this case have steadfastly demanded the cancellation of *lis pendens* filings. Because this Court's Judgment and Order on Reconsideration instructed Plaintiffs to remove the *lis pendens*, thereby granting the injunctive relief sought by Defendants, Rule 62(c) is applicable here. That Rule provides, "While an appeal is pending from . . . [a] final judgment that grants, dissolves, or denies and injunction, the court may suspend, modify, restore or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). The Fifth Circuit has noted that in order to be entitled to a stay pending appeal under Rule 62, the party seeking the stay assumes the burden of proving the necessity of a stay. See Drummond v. Fulton County Dep't of Family & Children's Servs., 532 F.2d 1001, 1002 (5th Cir. 1976) (per curiam) (Rule 62 test for a stay pending appeal "places the burden of proof on the petitioners"); see also Fed. R. App. P. 8(a) (noting that a party wanting to stay the execution of a judgment "must . . . move first in the district court" for that relief). Unless Rule 62(c) is invoked, a final judgment in an action for injunction is not stayed during the pendency of an appeal. Duncan, 940 F.2d at 1103 (citing Fed. R. Civ. P. 62(a)).

Plaintiffs have not requested a stay of execution of judgment, nor has a bond been posted in accord with Federal Rule of Civil Procedure 62. Thus, Defendants' Motion to Compel is GRANTED. Plaintiffs are ordered to remove the *lis pendens* filed on the subject properties immediately, but in no event more than fourteen days. Plaintiffs are further required to provide proof on the docket to the Court of the cancellation of the *lis pendens* filings.

SO ORDERED, this the 22nd day of June, 2010.

                                                    /s/ Sharion Aycock
                                                  **U.S. DISTRICT JUDGE**